Taylor, J.-
The 8th section of our act of assembly of 1777, though expressed in different terms, is substantially the same with the statute of *30 23 Hen. 6, cap. 7; and is directed to the same humane and politic ends, namely to guard debtors from the oppression and extortion of the Sheriffs and their officers; for if these latter were permitted to take bonds, under any latitude of form, from persons in their custody, the most flagrant exactions might be practised with impunity; and the process of the law rendered subservient to the worst purposes: they might conduct, themselves to such persons, with lenity or rigour, according to the disposition they met to yield to their demands; and in estimating the price of their condescension they would be cautious enough to indemnify themselves against the possible consequences of their misconduct. But, while the policy of the act is sufficiently vindicated, by the good it has produced, and the decisions which have taken place under it, its object may be effectually attained, without increasing the risques or multiplying the difficulties of the Sheriff's office. The act restrains him from taking obligations from any person of his custody; and the statute of Hen. 6, contains equivalent expressions; upon which the construction has been that a bond made to a Sheriff, that a party on a fieri facias will pay the money into court on the writ, is not within the statute, according to the case in 10 Coke; if such a bond given by a party himself is good, it follows a fortiori, that a bond given by a third person is equally so; for neither is in the Sheriff’s custody. The case of Rogers versus Rogers, 1 Term Rep. 418 serves to shew that such has been the uniform construction of the statute, *31 and that it relates only to persons arrested on mesne process, beyond which our act of Assembly does not extend.
This verdict is therefore a proper one, unless the undertaking is void at common law; and it is argued for the defendant that it is so, because it is founded on an illegal consideration, viz. that the plaintiff should make a false return. The proposition is generally true that a person cannot be relieved on an action, which is founded on an illegal or immoral act; as where a Sheriff promises for a sum of money that a prisoner shall escape, the promise is not good. So if a promise is made to a goaler to pay him money in consideration of his letting the prisoner go at large, it is void, the act being against law; Yelv. 197. The law is the same, where a person promises to pay another money, in consideration of his beating a third person; and, generally speaking, if a person promise to save a minister of justice harmless for doing an unlawful act in his office, the promise is void. 1 Cro. 230.
But the rule of law, must be considered with this restriction, that the person who does the act knows it to be unlawful at the time; for where the plaintiff pointed out particular goods, and desired the Sheriff to take them on a fieri facias, and in consideration that the Sheriff would take them promised to indemnify him; this was held a good promise: for the plaintiff shewing the goods and requiring the Sheriff to do execution, it was reasonable he should save him harmless; 2 Cro. 652. Buller's *32 N. P. 146. In that case, the Sheriff committed an unlawful act, and made himself a trespasser; yet as he knew it not at the time, and was urged by the plaintiff to make the levy, he was entitled to recover.
Such promises are according to the common usage of this country, and are frequently the means of leading to the detection of fraudulent transfers of property. The justice and reason of this case, are likewise strong, on the side of the plaintiff, whose inexperience in office might well incline him to repose in the defendant a confidence by no means unreasonable; since his situation implied skill in the law: and the latter, having prevailed upon the plaintiff to make this return, by the united effects of persuasion, advice and a promise of indemnity, ought, upon every principle of equity and good faith, to meet the consequences.
Macay, J.-
The facts of the case are, that the plaintiff was about to do execution on the property of N. Williams, in the accustomed and ordinary way; but the defendant told him, it was necessary to have three bidders, and that if he made a sale without three, he would involve himself in difficulty. Having but little confidence in his own knowledge of official duty, and believing that he might safely conside in the defendant's information, especially when he gave the best proof of his earnestness by a written promise of indemnity, he ventured to make the return, and has deeply felt all the consequences.
*33 Now if there were any stubborn principle of law, under which the defendant could shelter himself, it might be lamented, but must nevertheless be obeyed; but I am of opinion that the law, as well as the justice of the case, is with the plaintiff. It is evident, that so far from knowing at the time that he was about to commit an illegal act, he had some foundation for believing it was legal, and this excepts the case from the operation of the general principle. Without going at large into the discussion, I think the verdict is right, and ought not to be set aside.
Williams, J.
concurred with the opinions delivered, and mentioned that a case was decided at Halifax, wherein Geddy was plaintiff, upon which occasion the question came before the Court, whether a Sheriff was entitled to recover on a promise of indemnity, and the Court were of opinion that he was.
Rule discharged.